## SMYTHE v. TOLBERT.

1. In action for recovery of land, plaintiff need not trace his title back beyond a common source; when it is not admitted in the pleadings that both parties do claim under such common source, it is then a question of fact to be determined by the evidence. *Martin* v. *Ranlett*, 5 *Rich.*, 541, recognized and followed.

2. Declarations by defendant that he claimed title under S. (a common source) were admissible in evidence against him.

3. The admission of incompetent testimony that could not have affected the result, is not sufficient ground for reversing the judgment.

Before ALDRICH, J., Edgefield, October, 1883.

This was an action by J. Ellison Smythe against John R. Tolbert. The case was brought to this court upon the following exceptions: "1. Because his honor erred in admitting any testimony as to any claim of title by the defendant, John R. Tolbert, to the land in dispute; there being no such claim set up in the pleadings when they were submitted to the jury. 2. Because his honor erred in admitting the testimony of O. Sheppard, Esq., as to a claim of title by the defendant, John R. Tolbert, to the land in dispute, without requiring the deed, under which said claim is alleged to have been made, to be first produced or its loss accounted for; said deed being the highest evidence of said claim of title. 3. Because there was no competent proof of title claimed by the defendant, John R. Tolbert, to the land in dispute, such as to show that such title came from a common source with that of the plaintiff. 4. Because defendant having set up no claim of title to the land, and having denied the title of the plaintiff, his honor erred in refusing to charge the jury that the plaintiff could not recover in this case without proving a perfect title—tracing it to a grant from the state, or a presumed grant. 5. Because his honor erred in not instructing the jury that plaintiff had failed to prove a perfect title in himself to the land in dispute. 6. Because the plaintiff failed to prove such title in himself as would trace his title to a common source with a title of the defendant. 7. Because, if the defendant does not set up a claim of title to the land in dispute, the plaintiff cannot set it up for him, and the defendant may rely upon his defence of denial of title in plaintiff, and his honor erred in refusing to instruct the jury accordingly."

Mr. *A. J. Norris*, for appellant, cited 1 *Tread. Con. R.*, 90, 125; 1 *McMull.*, 450; 5 *Rich.*, 545; 9 *S. C.*, 440; 15 *Id.*, 263; 17 *Id.*, 89; 19 *Id.*, 411; 7 *Wheat.*, 547.

Messrs. *Sheppard Bros.*, contra, cited 5 *Rich.*, 541; 1 *Hill*, 382; 1 *Strobh.*, 1; 2 *Rich.*, 581; 12 *Id.*, 474; 3 *Strobh.*, 367.

January 10, 1885.  The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.  The plaintiff, respondent, brought the action below to recover possession of a certain tract of land situate in Edgefield County, and for damages for the unlawful withholding thereof.  The defendant, appellant, denied respondent's title, and the case at the trial turned upon the question of title.

The respondent relied upon the following papers as evidence of title, to wit, a deed from Johnson & Leopold to one J. L. Shumate, sheriff's deed to Leopold, a mortgage from Shumate to George H. Walter & Co., the foreclosure of this mortgage and a deed from the master of foreclosure sale to the respondent.  Some days before the trial an agreement was entered into between the attorneys of respondent and appellant as follows :  "We agree to admit the execution of the deeds to be offered in this case by the plaintiff, to wit, mortgage by J. L. Shumate to George H. Walter & Co., and deeds of J. D. Johnson and F. M. Leopold & Leopold to J. L. Shumate, and sheriff's to the Leopolds.  Also deed from the master to Smythe—four papers.  Also execution of deed from J. L. Shumate to J. R. Tolbert, defendant's deed."  This paper was submitted to the court by the plaintiff as evidence.

The plaintiff here introduced as a witness O. Sheppard, Esq., one of his attorneys, who testified that the defendant Tolbert told him that he had bought the land in dispute from J. L. Shumate, under whom plaintiff claims, and that he had a deed from Shumate ; that during the litigation to foreclose the mortgage of Shumate to Walter & Co., and up to the present time this deed had never been recorded, and, further, that defendant Tolbert told him that when he bought the land from Shumate, Shumate assured him that the said mortgage had been satisfied, and that thereby Shumate had fooled him.  He further testified that he had seen the deed from Shumate to Tolbert, and that it was junior to the mortgage to Walter & Co. ; and, further, that at the foreclosure sale the defendant Tolbert was present and competed in the bidding, offering to take the land at the last bid.  This testimony was objected to by the defendant upon several grounds.

The defendant introduced no testimony, and no objection was taken to the charge, except "that his honor refused the following request: 'We ask the court to charge the jury that plaintiff cannot recover in this case without proving a perfect title, tracing it to a grant from the state, or a presumed grant.'" Upon which the judge endorsed as follows: "The general rule contended for is correct, but it does not apply to this case, and the request is refused." The jury found for the plaintiff the land in dispute and two hundred dollars damages.

The appeal involves, first, the legal question, whether in an action for the recovery of real estate upon the ground of title, where the pleadings do not show that both parties claim from a common source, the plaintiff may be released from the necessity of going back to a grant from the state by proving at the trial by testimony that the defendant, notwithstanding he has not set up in his answer title derived from a common source, yet that such is his claim in fact.

There is no doubt that as a general rule the plaintiff, in an action to recover possession of real estate on the ground of title must show a complete and perfect title in himself, going back to a grant either actual or presumed. To this rule, however, there are several exceptions, one of which is that where both parties claim from a common source, the plaintiff need go no further back than this source, and having done so, the question then is, which of the two has the superior title. *Hill* v. *Robertson*, 1 *Strobh.*, 1. These principles are not denied, but the question here is, how shall it be made to appear that both parties claim through a common source, so as to bring the case under the exception above referred to? Must this fact appear in the pleadings, or can it be shown in the evidence on the part of the plaintiff?

The case of *Martin* v. *Ranlett*, 5 *Rich.*, 541, is decisive of this question. In that case, which was an action of trespass to try title, like this one, Marsh was the original owner of the land in dispute. In 1829 Rogers & Latimer recovered a judgment against Marsh. In 1837 Marsh mortgaged the land to one Gary, and in 1840 Gary recovered a judgment on the bond secured by the mortgage. Under this latter judgment the land was sold in 1843, and was purchased by Gary. This sale was held void,

and the land was afterwards sold under the older judgment and bought by Martin. The heirs of Gary were in possession through their tenant, Ranlett. The plaintiff gave in evidence no title beyond the sheriff's deed, which conveyed the interest of Marsh. To supply the deficiency and to show that both parties claimed under Marsh, he introduced and proved, 1st, that Gary at the sale, under his judgment, exhibited a paper which he said was a mortgage from Marsh to himself; 2d, notice to the defendant to produce this mortgage; and, 3d, the book of the register where this mortgage was recorded. Upon this testimony the question was made whether the plaintiff had made out title in himself, and the court held that the evidence developed the fact that both parties traced their title to a common source, sufficiently to render it improper to grant a non-suit. The court further held, however, that this did not preclude the defendant from showing that he had acquired a better title than that which he derived from Marsh, which the defendant, having failed to show, the plaintiff recovered simply upon the sheriff's deed, and the proof that defendant claimed under Marsh.

The facts of the case now before the court are somewhat similar to those of *Martin* v. *Ranlett*, and the rule applied there must govern here. Whether, then, the general rule or the exception is to govern in any special case must depend upon the fact whether or not the parties claim through a common source. If they do not, then the plaintiff must recover upon the strength of his own title, and not upon the weakness of that of his adversary, and must trace back to a grant; if they do, then the plaintiff may stop in the first instance at the title of the common grantor; and whether they thus claim or not, is a question of fact to be determined (unless admitted in the pleadings) by the jury upon the evidence.

Such being the law, it will be seen at once that the Circuit judge could not have charged as requested by the appellant. The request was that he should charge "that plaintiff could not recover in this case without proving a perfect title, tracing it to a grant from the state, or a presumed grant." The judge might have charged the general proposition that, in the absence of a common claim, or rather a claim from a common source, this was

necessary; but to have charged this as necessary in this case he must have assumed the fact that the parties did not claim from a common source, which he could not do without invading the province of the jury, on the question of fact involved.

II. Was there error in admitting the testimony of the witness, Mr. Sheppard? That testimony consisted of declarations of the defendant showing that he, the defendant, had bought the land from Shumate; that he had a deed from Shumate, executed after the mortgage under which plaintiff claimed, which mortgage the defendant, when he bought, supposed had been satisfied. Mr. Sheppard also testified that he had seen the deed from Shumate to the defendant, and that it was junior in date to the mortgage. As to the declarations of the defendant, we know of no rule of evidence which could have excluded these. They were not objectionable as hearsay, nor were they irrelevant, nor were they obnoxious to any rule governing the introduction or competency of testimony. There was no error, therefore, in admitting this testimony to the extent of these declarations.

It may be, however, that the witness's statement that he had seen the deed of Shumate to the defendant, and that it was junior to the mortgage, was incompetent, in the absence of notice to produce it, on the ground that there was better evidence of the fact of the date of the deed, *i. e.*, the deed itself. Admitting this, yet we do not think that this should reverse the judgment. This witness had already testified as to declarations of the defendant, in which the defendant admitted that his deed was junior to the mortgage. He said that Shumate had told him before he bought that this mortgage had been satisfied, and in this he had been "fooled." With this admission before the court, the evidence of Mr. Sheppard as to the date of the deed could not have affected the result. With that stricken out, there is enough left to sustain the finding.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.